UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JAMES E. BAKER                          CIVIL ACTION NO.
                                        09-1468
    FED. REG. NO. 16137-064
VS.                                     SECTION P

                                        JUDGE DRELL

WARDEN MARINA MEDINA                    MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner James E. Baker filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on August 13, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Corrections Institute, Medium, Pollock, Louisiana (FCIMP). Petitioner attacks the 235 month sentence imposed following his 2006 conviction in the United States District Court for the District of Kansas for being a felon in possession of ammunition (18 U.S.C. §§ 922(g) and 924(a)(2)). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

On August 30, 2006 petitioner was found guilty as charged of being a felon in possession of ammunition following trial by jury in the United States District Court for the District of Kansas. On December 28, 2006 he was sentenced to 235 months imprisonment. <u>United States v. Baker</u>, No. 6:06-cr-10129 (Kan.), at rec. docs. 59 (conviction), 78 (sentencing judgment).

On December 6, 2007, his conviction and sentence were affirmed on appeal to the United States Tenth Circuit Court of Appeals. <u>United States v. Baker</u>, 508 F.3d 1321 (10th Cir. 2007), rehearing denied, 523 F.3d. 1141 (10th Cir. 2008). See also No. 6:06-cr-10129 at rec. docs. 94-95. His petition for *certiorari* was denied by the United States Supreme Court on October 6, 2008. <u>Baker v. United States</u>, ___ U.S.___, 129 S.Ct. 349, 172 L.Ed.2d 89 (2008).

On May 4, 2009 petitioner filed a pro se Motion to Vacate in the District Court arguing the following claims – (1) ineffective assistance of counsel based on counsel's failure to object to the fact that jurors saw petitioner in handcuffs; (2) the use of "Scarbourogh Fiction" to establish interstate commerce nexus;

(3) ineffective assistance of counsel for failing to present

2

petitioner's "innocent possession" theory of defense; (4) "sham" presentment of the case; (5) the defense of "innocent possession" should be considered; (6) petitioner's right to a speedy trial was violated; (7) the mere fact that an item crossed the state lines is not conclusive proof that it was part of interstate commerce; (8) the 10th Circuit's use of an overlapping theory is not supported by state or federal statutes, legislative history, case law or principles of equity; and, (9) the §924(e) enhancement was unconstitutionally applied since petitioner's civil rights had been restored on the prior felony conviction in the Kansas state court. Petitioner's Section 2255 Motion remains pending before the District Court in Kansas. United States v. Baker, No. 6:06-cr-10129 (Kan.), at rec. docs. 98-105.

While his Section 2255 Motion to Vacate remained pending in the United States District Court, Kansas, petitioner filed the instant pro se petition for writ of habeas corpus raising a single claim for relief – "The presentence investigation report contains inaccurate information which is being relief upon by the Courts and the Bureau of Prisons." [rec. doc. 1, p. 3] According to petitioner, "... the Court relied upon Constitutionally impermissible considerations and instructed the

3

BOP based on those considerations ..."

### Law and Analysis

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He argues that the sentence imposed by the United States District Court for the District of Kansas is an illegal sentence because of errors contained in the pre-sentence investigation report.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A

4

prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has a §2255 Motion pending in the District Court where he was convicted; his motion raises a claim virtually identical to the claim raised herein. In addition, he has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his pending Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and

5

inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction.  <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### Conclusion and Recommendation

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415**

6

**(5ᵗʰ Cir. 1996).**

    In Chambers at Alexandria, Louisiana, _October 26_,
2009.

 

**JAMES D. KIRK**
**UNITED STATES MAGISTRATE JUDGE**

7